OLNEY & WARREN v. DANIEL BIRDSALL & CO. et al.

(Supreme Court, Appellate Term, First Department.    March 4, 1915.)

CONTRACTS (§ 319*)—BUILDING CONTRACTS—FAILURE OF CONTRACTOR TO COMPLETE WORK—EFFECT.

Where a contractor to install a boiler for a fixed sum did not complete the work satisfactorily, and failed to do so for some time, the owner could complete the work, and the contractor could at most only recover the difference between the reasonable cost to the owner of doing the work and the balance due under the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. § 319.*]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Olney & Warren, a corporation against Daniel Birdsall & Co., a corporation, and another. From a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Sobel & Brand, of New York City (Samuel Sobel, of New York City, of counsel), for appellants.

PENDLETON, J.    The action is to recover a balance alleged to be due under a contract to furnish labor and materials in the installation of a boiler for a fixed sum. The defense was accord and satisfaction and that there were defects in the work, which defendants were compelled to have in part done over, and after deducting such reasonable cost defendants paid plaintiff the balance of the contract price.

The defense of accord and satisfaction was not made out on the evidence. It appeared at the trial that there were defects in the work, of which plaintiff was notified, and which it agreed to rectify. Defendants, because they were dissatisfied with the original subcontractor employed by plaintiff, refused to allow it to do the work and had it completed by others at what, apparently, was conceded to be a reasonable cost, and paid plaintiff the balance of its bill, less this amount. The controversy is entirely in regard to this latter amount. The trial court gave judgment for plaintiff. This was error. Assuming plaintiff had the right to go in and remedy the defects, and then recover the full amount of its bill, if defendants prevented it so doing, the damages suffered by them could be, at most, the difference between the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reasonable cost of doing the work and the balance due, and this is exactly what defendants paid it.

In a suit for the agreed price on the ground of substantial performance, any expenses necessary to complete the work must be allowed. Plaintiff's recovery is the agreed price, less the cost to complete. This seems an analogous case, or, if it be an action for not allowing to complete, the same rule of damages applies.

Judgment reversed, with costs, and complaint dismissed, with costs.

SHEARN, J. I agree that the judgment should be reversed, and the complaint dismissed. Plaintiff did not perform its contract. It was so notified, and was called upon to perform, and it agreed to do the work necessary to make the job complete and satisfactory. Defendant waited nearly three weeks, at great inconvenience, owing to the season and the requirements of their business, and then, as they were justified in doing, and had a legal right to do, finished the job themselves.

GUY, J., dissents.